```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Raynald (Ronald) Joseph Albert Pinet**

   **v.**                                            Civil No. 07-cv-314-PB
                                                                     Agency No. 14-285-032
                                                                     Opinion No. 2008 DNH 093

**United States Citizenship and
Immigration Services, et al.**


## MEMORANDUM AND ORDER

Raynald Pinet challenges a decision by the United States Citizenship and Immigration Service ("USCIS") to reject his application for citizenship. The issue presented by defendants' motion for summary judgment is whether USCIS correctly determined that Pinet's 2003 conviction for the Use of a Communication Facility to Facilitate a Drug Transaction prevents him from satisfying the "good moral character" requirement for naturalization. For the reasons stated below, I determine that the answer to this question is yes.

### I.  BACKGROUND

Pinet is a fifty-six year old Canadian citizen who first entered the United States as a lawful permanent resident on July

13, 1965. Pinet served in the United States military on active duty from August 1970 to July 1972. He received an honorable discharge.

On September 30, 2003, Pinet was convicted in the United States District Court for the District of Massachusetts following a guilty plea for the crime of Use of a Communication Facility to Facilitate a Drug Transaction (Cocaine) in violation of 21 U.S.C. § 843(b). Following his conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against Pinet on October 25, 2006, charging Pinet with removability pursuant to the Immigration and Nationality Act (the "INA") for being convicted of a controlled substance offense after admission. See 8 U.S.C. § 1227(a)(2)(B)(i). Pinet has other criminal convictions that are not relevant here.

On December 14, 2006, Pinet filed an application for naturalization, Form N-400, with USCIS on the basis of his previous military service during a specified period of armed conflict, pursuant to 8 U.S.C. § 1440 (INA § 329). Pinet was interviewed by a USCIS officer on April 3, 2007. The officer denied Pinet's application on June 8, 2007, for failure to establish good moral character as required by 8 C.F.R. §

316.10(b)(2)(ii). Pinet requested a review hearing pursuant to 8 U.S.C. § 1447 (INA § 336(a)) and was examined under oath by a USCIS officer on July 17, 2007. USCIS affirmed the denial of Pinet's application on July 31, 2007.

Pinet now petitions this court for de novo review of USCIS's decision to deny his naturalization application, pursuant to 8 U.S.C. § 1421(c) (INA § 321(c)).

## II.   **STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment must first identify the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95

F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

### III.  ANALYSIS

I begin with a review of the statutes and regulations that are relevant to Pinet's application. I then address each of Pinet's arguments in turn, drawing all reasonable factual inferences in Pinet's favor and evaluating whether the undisputed facts demonstrate that defendants are entitled to summary judgment.

**A.   Legal Framework**

The basic requirements for naturalization are collected at 8 U.S.C. § 1427. Applicants are required to show that they have resided continuously in the United States for five years prior to the date of filing the naturalization application and from the date of filing the application up to the time of admission to citizenship. 8 U.S.C. § 1427(a). The statute requires that during all of these periods, the applicant must establish that he "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." Id. In making the good moral character determination,

-4-

the Attorney General is entitled to consider conduct that occurred both prior to and during the five-year residency period. 8 U.S.C. § 1427(e).

At 8 U.S.C. § 1101(f), the INA provides: "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)." 8 U.S.C. § 1101(f)(8). While the statute precludes a finding of good moral character for applicants who "at any time" were convicted of an aggravated felony, the statute does limit the effect of certain other convictions based on whether or not they occurred within the required period of United States residency. See, e.g., 8 U.S.C. § 1101(f)(5) (barring "one who has been convicted of two or more gambling offenses committed *during such period"* from demonstrating good moral character (emphasis added)).

The statutory definition of "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as

defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). The definition of "drug trafficking crime" in 18 U.S.C. § 924(c) is any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46.

While the above requirements generally are applicable to all naturalization applicants, Congress has eased the path to citizenship somewhat for veterans of the United States Armed Forces who served on active duty during specified periods of wartime including World War I, World War II, the Korean War, and the Vietnam War. See 8 U.S.C. § 1440(a). These applicants must meet all of the general requirements described in § 1427, except that they may be naturalized without regard to age and they are not required to demonstrate a specified period of residence or physical presence in the United States prior to filing an application. 8 U.S.C. § 1440(b). With respect to the good moral character requirement for naturalization, the regulations at 8 C.F.R. § 329.2 also alter the five-year period during which a person must be of good moral character before applying for naturalization by requiring an applicant relying on § 1440 to show that he "has been, for at least one year prior to filing the

-6-

application for naturalization, and continues to be, of good moral character . . . ."

**B. Pinet's Arguments**

It is undisputed that, except for failure to establish good moral character, Pinet has met the basic statutory requirements for naturalization under § 1440. Pinet makes two main arguments in support of his petition and in opposition to defendants' motion. First, he argues that his conviction is not an "aggravated felony" within the meaning of the INA. Second, he argues that he is eligible for naturalization even if his conviction qualifies as an aggravated felony because his conviction occurred outside of the one-year period described in 8 C.F.R. § 329.2(d) for evaluation of good moral character.

**1. Aggravated Felony Analysis**

Defendants argue that Pinet has conceded that his conviction qualifies as an "aggravated felony" under the INA.[1] Even assuming that Pinet has not already conceded that his conviction is an

---

[1] Pinet does not contest this claim in his opposition to defendants' motion, and, in his petition, he addresses the issue only to argue that DHS has not established by clear and convincing evidence that Pinet is deportable as an aggravated felon.

aggravated felony, the statutory language clearly provides that Pinet's conviction for Use of a Communication Facility to Facilitate a Drug Transaction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  Under the INA, an "aggravated felony" includes drug trafficking crimes as defined in 18 U.S.C. § 924(c), which in turn provides that a felony punishable under the Controlled Substances Act is a drug trafficking crime.  Pinet was convicted of violating the Controlled Substances Act at 21 U.S.C. § 843(b), and a violation of § 843(b) is a felony because it is punishable by imprisonment of more than one year.  See 21 U.S.C. § 843(d).  Therefore, Pinet's crime is an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43).  See Khan v. Ashcroft, 352 F.3d 521, 522 (2d Cir. 2003); Foreman v. Att'y Gen., 205 Fed. Appx. 87, 89 (3d Cir. 2006) (unpublished opinion); Kayrouz v. Ashcroft, 115 Fed. Appx. 783, 785 (6th Cir. 2004) (unpublished opinion); Evola v. Carbone, 365 F. Supp. 2d 592, 596 (D.N.J. 2005).

### 2. **Timing Analysis**

Pinet argues that the one-year period described in 8 C.F.R. § 329.2(d) does not preclude his eligibility for naturalization because his conviction occurred outside of the one-year period

specified in the regulation.  I am unpersuaded by this argument.

8 C.F.R. § 329.2(d) requires that an applicant must be of good moral character both for the one-year period before he files his application and for the entire time that the application is pending.  Under 8 U.S.C. § 1101(f), no person can be found to be a person of good moral character if the person was "one who *at any time* has been convicted of an aggravated felony."  8 U.S.C. § 1101(f) (emphasis added).[2]  As discussed above, Pinet was convicted for the Use of a Communication Facility to Facilitate a Drug Transaction, an aggravated felony, on September 30, 2003.  Therefore, Pinet cannot satisfy the good moral character requirement because, while his application for naturalization was pending, he was "one who at any time has been convicted of an aggravated felony."  See 8 U.S.C. § 1101(f)(8).[3]

---

[2] The Department of Homeland Security has adopted a regulation that limits the scope of the statutory language to aggravated felony convictions that occurred after November 29, 1990.  8 C.F.R. § 316.10.

[3] Pinet also presents a poorly developed argument that 8 C.F.R. § 329.2(d) is arbitrary and capricious because it requires an applicant to be of good moral character for one year prior to the filing of a naturalization application, whereas § 1440 does not specify a time period prior to the filing of an application during which good moral character must be established.  Whether or not this argument has merit as an abstract matter, it has no

### IV. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment (Doc. No. 8) is granted. The clerk is directed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 30, 2008

cc: Joseph M. Carreiro, Jr., Esq.
 Corey L. Farrell, Esq.
 T. David Plourde, Esq.

---

bearing on the outcome in this case. Section 1440 requires that an applicant must satisfy all requirements for naturalization except those that the provision expressly excludes. The requirement in § 1427 that an applicant must be of good moral character while his application for naturalization is pending is unaffected by § 1440. Because Pinet cannot satisfy this requirement, he cannot establish that he is of good moral character regardless of whether the one-year limitation included in 8 C.F.R. § 329.2(d) is arbitrary and capricious.